United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41203

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH MCGAUGHEY,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
Case No. 6:04-CR-90-ALL

Before JONES, Chief Judge, and REAVLEY, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant McGaughey pled guilty to possession of child pornography and was sentenced to twenty-one months imprisonment subject to his right to appeal the district court's denial of his motion to suppress evidence seized from his home. He argues that the search warrant was supported by a "bare bones" affidavit and that the Government failed to corroborate two anonymous tips.

The good faith exception to the exclusionary rule provides that "evidence obtained by officers in objectively reasonable good-faith reliance upon a search warrant is admissible,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

even though the affidavit on which the warrant was based was insufficient to establish probable cause."  <u>United States v. Satterwhite</u>, 980 F.2d 317, 320 (5th Cir. 1992); <u>see also</u> <u>United States v. Leon</u>, 468 U.S. 897, 104 S. Ct. 3405 (1984).  The exception will not apply, however, to a "bare bones" affidavit, that is, an affidavit "so deficient in demonstrating probable cause that it renders an officer's belief [in the existence of probable cause] completely unreasonable."  <u>United States v. Cisneros</u>, 112 F.3d 1272, 1278 (5th Cir. 1997).  Such an affidavit is "based upon conclusory statements," and lacks "facts and circumstances from which a magistrate can independently determine probable cause."  <u>United States v. Pofahl</u>, 990 F.2d 1456, 1474 n.18 (5th Cir. 1993).

In this case, the search warrant was not supported by a "bare bones" affidavit because the citizen informants did not provide untrustworthy information and the police sufficiently corroborated the information.  The informants independently provided the police with firsthand knowledge of McGaughey's name, address, and place of work, and the police verified the accuracy of this information before seeking the warrant.  Both informants told similar, detailed stories of McGaughey showing child pornography to visitors in his home, and finally, the police observed McGaughey's association with a known possessor of child pornography at his home.  Therefore, the affidavit supporting the warrant was not "bare bones," and we AFFIRM the denial of the motion to suppress.

2

**AFFIRMED.**